ZEPHIRIN MELANÇON *v.* SILVERE MELANÇON.

The endorsee of a promissory note, transferred before maturity, will not be affected by any want of consideration between the maker and the payee, of which he was not aware at the time of the transfer.

APPEAL from the District Court of Assumption, *Deblieux,* J.

This was an action by the endorsee, against the maker of a promissory note, for four hundred dollars, payable in "all the month of March, 1840." Admitting his signature to the note, the defendant denied generally the other allegations in the petition. He averred that the note had been made in favor of one Jean Baptiste Robichaux, as part of the price of a flat-boat; that the sale of the boat was fraudulent, false representations having been made by the vendor, Robichaux, as to the condition of the boat; that a few days after the boat was delivered to him, he gave notice through the newspapers, and by advertisements posted at public places in the town of Donaldsonville, of the fraudulent nature of the sale, and of his intention not to pay the notes. He alleged that the note sued on was transferred to the plaintiff, to enable Robichaux to defeat the defence growing out of the fraudulent character of the sale. The defendant interrogated the plaintiff whether, he was aware, at the time the note was transferred to him, that it had been given in part payment of the price of a certain flat-boat, that the sale of the boat was fraudulent and the note without consideration, and that he had given public notice thereof, and of his intention not to pay it.

On the trial Richard, a witness, stated that he was present when the note was endorsed by the payee to the plaintiff; that it was transferred by Robichaux, about two years previously, and before its maturity, in part payment of a note of Robichaux, for $471, held by the plaintiff, which had been given for a flat-boat pur-

chased by Robichaux from one Babin, who had purchased from the plaintiff. François Michel deposed, that having heard that plaintiff was about to purchase the note, he called on him, immediately after the publication of the notice, by defendant, of his intention not to pay the note, to advise plaintiff of the fact, when the latter showed him the note, which he had already in his possession.

The signatures on the note were admitted; and that it had been executed under a contract, pronounced fraudulent by the Supreme Court. (17 La. 98.) In answer to the interrogatories, the plaintiff stated that he knew, when he received the note, that it had been given in part payment for the flat-boat, as alleged in the defendant's answer; but that he did not then know that it had been fraudulently obtained by Robichaux, nor that the defendant had given public notice that it was without consideration and would not be paid.

*Ilsley* and *Nicholls,* for the plaintiff.

*M. Taylor,* for the appellant.

MARTIN, J. The plaintiff sues as endorsee of the defendant's note. This claim was resisted on the ground that the note was given without consideration, in virtue of a contract, by which, to the knowledge of the plaintiff, the defendant was defrauded by the payee, the plaintiff's endorser, and that the plaintiff took the note, for the purpose of enabling his endorser to avoid and defeat the just and equitable defence of the respondent. There is an admission that the note was one of those which the plaintiff's endorser was directed to restore to the present defendant by the judgment in the case of *Melançon v. Robichaux,* 17 La. 97. The plaintiff had a verdict and judgment, and the defendant appealed, after an unsuccessful attempt to obtain a new trial. The evidence, in our opinion, supports the verdict; but the appellant's counsel has contended that he was entitled to a verdict, the plaintiff not having proved that he gave any other consideration for the transfer of the note, than a note or notes of his endorser which he surrendered without showing that the note or notes so given up were really and *bona fide* due; as otherwise, the endorsee of a note, fraudulently endorsed by the payee to prevent an inquiry into the consideration, could always succeed, since the

mere writing of a note, and the delivery of it by the payee to the endorsee, to be delivered back before witnesses, would put the manufacture of the necessary testimony in their power. It does not appear to us that there is any force in this argument. The delivery of a sum of money by the payee to the endorsee, to be returned in the presence of witnesses as a discount of the note, would afford a like facility.

*Judgment affirmed.*